**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JOSEPH OWENS,

Plaintiff-Appellant,

v.

WARDEN HURLEY,

Defendant-Appellee.

No. 98-1023
(D.C. No. 97-Y-308)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

James Joseph Owens, a federal inmate appearing pro se, appeals the district court's dismissal of his action filed pursuant to 28 U.S.C. § 547 and 18 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1514.  We affirm.

Owens filed a criminal complaint in federal district court pursuant to 28 U.S.C. § 547 and 18 U.S.C. § 1514, claiming various government officials had interfered with his ability to litigate a separate civil action against the United States Bureau of Prisons in the United States Court of Appeals for the District of Columbia.  Among other things, he claimed the officials tampered with his legal mail, refused to comply with court orders, and denied his requests to contact opposing counsel by telephone.  The district court, liberally construing the pro se complaint, determined Owens did not have standing to assert claims pursuant to 28 U.S.C. § 547 and 18 U.S.C. § 1514 and dismissed the action.

Owens clearly does not have standing to prosecute a criminal action pursuant to 28 U.S.C. § 547, which defines the duties of a United States Attorney to prosecute or defend for the United States Government.  Moreover, 18 U.S.C. § 1514 provides that a district court may issue a restraining order or a protective order prohibiting harassment of a victim or witness, upon application of an attorney for the Government.  Owens is not an attorney for the United States.

We AFFIRM the district court's dismissal of this action for lack of standing.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-2-